IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STARR, | ) | |
| | ) | |
| Plaintiff, | ) | No.  09 C 4670 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| OFFICER SACLUTI, OFFICER OSTAP, | ) | |
| UNKNOWN DETECTIVES, and the CITY OF | ) | |
| EVANSTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Starr, has brought a four count complaint against Evanston Police
Department Officers Sacluti ("Sacluti") and Ostap ("Ostap"), Unknown Detectives, and the City
of Evanston, alleging: violation of his substantive due process rights against the named officers
and unknown detectives (Count I); willful and wanton negligence against the named officers and
unknown detectives (Count II); a claim under 745 ILCS 10/9-102 against the City of Evanston
(Count III); and a claim for *respondeat superior* against the City of Evanston (Count IV).
Defendants have moved to dismiss the entire complaint for failure to state a claim under Fed. R.
Civ. P. 12(b)(6).  For the reasons discussed below, the court grants defendant's motion to
dismiss  Count I and declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over
the remaining counts.

## FACTS

For the purposes of a motion to dismiss under Rule 12(b)(6), the court accepts all
well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff.
Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008).

On or about February 18, 2006, Officers Sacluti and Ostap pulled over a car in which plaintiff was riding as a passenger. Sacluti and Ostap arrested plaintiff and the car's driver ("the driver"), charging them with possession of marijuana, and took them to the Evanston Police Department. While at the police station, plaintiff alleges that Sacluti and Ostap coerced him into becoming a confidential informant by threatening that if he did not cooperate, plaintiff would be charged with a Class X felony, have his college scholarship taken away, and face jail time. After plaintiff had agreed to become an informant, Sacluti and Ostap told him that the driver had likewise agreed to become a confidential informant. The officers also revealed plaintiff's decision to the driver.

During the month of March 2006, plaintiff and the driver met with Sacluti to discuss drug dealers in the City of Evanston. On or about March 15, 2006, at plaintiff's first court hearing on the drug charges pending against him, Ostap stated in open court that plaintiff was cooperating with the Evanston Police Department with various drug investigations. Later that month, on three separate occasions, Sacluti and Ostap informed plaintiff that the driver was no longer a confidential informant and that plaintiff was to provide them information about the driver and his drug deals.

On or about April 16, 2006, acting on orders of Sacluti and Ostap, plaintiff and another confidential informant went to the driver's home and attempted to buy drugs from him. The driver refused. Sacluti and Ostap subsequently accused plaintiff of warning the driver that he was being set-up, and they threatened plaintiff. Following the attempted buy, the driver allegedly began exposing plaintiff as a confidential informant, and as a result plaintiff began to fear for his life.

On or about April 18, 2006, plaintiff set up a drug deal with an individual he knew and, with the assistance of a friend, asked the individual for a quantity of drugs. The complaint is not clear about what happened next, but it appears that the individual was not able to supply the requested quantity of drugs, and instead plaintiff pursued a deal with a gang member. On the date of that drug deal, Sacluti and Ostap were positioned in plain sight of the target location. Plaintiff alleges that because of the officers' obvious presence the gang member fled the scene before the deal took place.

Several months later, plaintiff left the Evanston area and began attending college at the University of Illinois, Urbana-Champaign. In August of 2006, a relative of the gang member who fled the scene of the April 2006 drug deal contacted plaintiff. Plaintiff claims that because the caller threatened his life and told him that this family would be in danger if he did not cooperate, he agreed to sell drugs for the gang member's family.

In early 2007, plaintiff claims that he was threatened again by the gang member's family and that they forced him to transport drugs from California to Champaign, Illinois. Police intervened in this scheme and intercepted the drugs before they reached their destination. In the course of their investigation, Illinois State Police and University of Illinois police searched plaintiff's room and arrested him for his involvement in the smuggling scheme. The University of Illinois brought disciplinary charges against plaintiff that were sustained, and plaintiff was dismissed from school.

The complaint also describes several incidents of verbal and physical intimidation plaintiff has faced as a result of defendant officers' alleged conduct. First, in November 2006, plaintiff was allegedly verbally harassed and physically threatened by two individuals who

3

accused him of being a snitch and attempting to set up an individual they knew on April 18, 2006. Second, in June 2007, two individuals approached plaintiff in Evanston, verbally threatened him, and then began battering him. Plaintiff escaped without any physical injuries. Third, in July 2007, Sacluti and Ostap, with guns drawn, stopped plaintiff and a drug dealer associated with the gang member. The officers told the drug dealer that plaintiff was a confidential informant.

Almost a year later, in May 2008, plaintiff approached two unknown detectives at the Evanston Police Department and request police protection. The detectives denied plaintiff's request. Plaintiff claims that these detectives told several drug dealers that he was a confidential informant and used plaintiff's plea for protection as a means to arrest these dealers. Plaintiff states that he continued to face personal threats as a result of these arrests.

During the Fall of 2008, two people associated with a drug dealer with whom plaintiff had tried to set up a deal approached plaintiff at his community college. They called plaintiff a "snitch" and threatened to murder him. Out of fear for his safety, plaintiff withdrew from his classes. Plaintiff claims that he continues to be threatened because he is an informant for the Evanston Police Department, and he has been unable to regain admission to the University of Illinois, Urbana-Champaign, or secure admission to the University of Illinois, Chicago because of his disciplinary record.

**DISCUSSION**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir.

2004).  The complaint must describe the claim in sufficient detail to give the defendant fair

notice of what the claim is and the grounds on which the claims rest.  The allegations must

plausibly suggest that the plaintiff has a right to relief, raising the possibility above the

"speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-73,

167 L.Ed.2d 929 (2007).

     Defendants argue that the complaint contains no facts linking actions by defendants to

the alleged injures suffered by plaintiff, and that the allegations made are insufficient to raise a

right to relief above the speculative level.  Defendants further argue that the due process clause

does not require a local government entity to protect its citizens from private violence. Finally,

defendants argue that defendant police officers are entitled to qualified immunity.  Plaintiff

counters that he has adequately alleged facts above a speculative level to support claims based

on substantive due process and willful and wanton negligence under Bell Atlantic Corp. v.

Twombly.

**Count I:  Section 1983 Claim**

     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a government

official, acting under color of state law, deprived him or her of a right secured by the

Constitution or federal law.  Christensen v. County of Boone, Ill., 483 F.3d 454, 459 (7th Cir.

2007).  The Supreme Court has articulated the general rule that "nothing in the language of the

Due Process Claus itself requires the State to protect the life, liberty, and property of its citizens

against invasion by private actors."  Deshaney v. Winnebago County Dep't of Social Services,

489 U.S. 189, 195 (U.S. 1989).  Courts have recognized two "exceptions" to this general rule.

Monfils v. Taylor, 165 F.3d 511 (7th Cir. 1998). The exception relevant in the instant case is the so-called "state created danger exception," which stands for the proposition that liability exists when the state "affirmatively places a particular individual in a position of danger the individual would not otherwise have faced." Id. (quoting Reed v. Gardner, 986 F.2d 1122, 1125 (7th Cir. 1993)).

In King v. East St. Louis School Dist. 189, 496 F.3d 812, 818 (7th Cir. 2007), the Seventh Circuit identified three elements governing the analysis of claims under the state created danger doctrine: "(1) the state, by its affirmative acts, must create or increase a danger faced by an individual; (2) the state's failure to protect an individual from such a danger must be the proximate cause of the injury to the individual; and (3) the state's failure to protect the individual must shock the conscience." Buchanan-Moore v. City of Milwaukee, 576 F. Supp. 2d 944, 951 (E.D. Wis. 2008) (citing King, 496, F.3d at 817-18). As the Seventh Circuit has explained, "'[w]hen courts speak of the state's 'increasing' the danger of private violence, they mean the state did something that turned a potential danger into an actual one, rather than that it just stood by and did nothing to prevent private violence.'" McCauley v. City of Chicago, 2009 U.S. Dist. LEXIS 86267 (N.D. Ill. Sept. 18, 2009) (quoting Sandage v. Board of Comm'rs of Vanderburgh County, 548 F.3d 595, 600 (7th Cir. 2008).

Cases in which the Seventh Circuit has held that a claim qualifies under the state created danger exception are "rare and often egregious." Estate of Allen v. City of Rockford, 349 F.3d 1015 (7th Cir. Ill. 2003). For example, the elements of the state-created danger doctrine have been satisfied when police removed a sober driver from a car, but failed to prevent a drunk passenger from driving away with the car, (Reed, 986 F.2d at 1125), and when police guaranteed

that a tape recording of an anonymous tip would not be released but then later gave the tape to

the suspect discussed in the tape who later murdered the tipster (Monfils, 165 F.3d at 518).

Notably no case this court is aware of "prescribes protection of confidential informants from

retaliatory violence" because there is "no explicitly recognized right to security from violence

for confidential police informants." Gatlin v. Green, 227 F. Supp. 2d 1064, 1075 (D. Minn.

2002); see also Dykema v. Skoumal, 261 F.3d 701, 706-7 (7th Cir. 2001)(finding that a

noncustodial relationship between a confidential informant and police, absent more, is not a

special relationship).

        In the instant case, Count I of the complaint essentially states that based on the

allegations summarized above, Sacluti, Ostap, and the unidentified defendant detectives either

created or contributed to the creation of a danger to which plaintiff would not otherwise have

been exposed, and this danger was the proximate cause of the injuries that plaintiff suffered (e.g.,

threats to his life and the safety of his family, forced involvement with drug smuggling, and

expulsion from the University of Illinois).  The complaint, however, is simply too sparse to meet

the requirements of Twombly, or even pre-Twombly standards.  In addition to numerous

omissions, which plaintiff acknowledges in his briefing papers, the allegations fall short of

stating a cognizable claim.  Foremost among the complaint's infirmities is the plaintiff's failure

to clearly articulate a coherent theory as to how the actions of the defendant officers deprived

plaintiff of a substantive due process right.  With no guidance in the complaint and no reference

to the Constitution or case law, the court is left to guess what specific substantive rights plaintiff

is alleging defendant officers violated.  Only by referencing the plaintiff's brief in response to

the instant motion does is become clear that the state-created danger doctrine is the basis of

plaintiff's substantive due process claim.[1]

Additionally, plaintiff claims that the police coerced him into becoming a confidential

informant, but concedes that he did so in part to avoid charges pending against him in connection

with his arrest. He also concedes that the driver of the car in which he was arrested initially

agreed to become a police informant, but soon after "turned on the police" and was no longer

providing information.[2] Further, the complaint indicates that plaintiff served as an informant for

only two or three months, yet his alleged injuries from his involvement with the police extend

for more than two years after his initial arrest. Finally, plaintiff concedes that he did not request

protection from the unnamed defendant detectives until May 2008, more than two years after his

agreement with Sacluti and Ostap, yet he alleges no particular consequences of the failure to

honor his request or that the unnamed detectives' refusal was motivated y any unlawful intention

to harm plaintiff. These facts lend weight to defendants' arguments that plaintiff could have

ended his relationship with the police, that his injuries were too attenuated from his active role as

an informant, and that his pleas for police protection came too late.[3]

In addition, the most serious harm plaintiff alleges – his "coerced" drug smuggling and

consequent expulsion from the University of Illinois, Urbana-Champaign – resulted from the

---

[1] The complaint also fails to state what crime plaintiff was charged with on February 18, 2006.

[2] Among the complaint's most implausible allegations is that Sacluti and Ostap pressured plaintiff to set-up a drug buy with the driver even though the officers had informed the driver that plaintiff was a confidential informant.

[3] The court notes that with the exception of the alleged May 2008 incident all the other conduct occurred beyond the two year limitations period applicable to § 1983 claims filed in Illinois. Henderson v. Bolanda, 253 F.3d 928, 931 (7th Cir. Ill. 2001).

April 2006 drug deal that failed because the defendant officers were allegedly "in plain sight of the location chosen for the drug deal." Plaintiff does not allege that the officers wilfully placed themselves in plain sight to expose plaintiff as an informant (a rather implausible situation). Mere negligent conduct cannot support a § 1983 claim. Harris v. Kuba, 486 F.3d 1010, 1014 (7th Cir. 2007).

For these reasons, the court concludes that plaintiff has failed to state a § 1983 claim, and grants defendants' motion to dismiss Count I.[4]

**State Law Claims: Counts II, III, and IV**

The remaining counts allege state law claims against defendants. Once all federal claims have been eliminated, a district court may exercise its discretion to dismiss supplemental state law claims, without prejudice, and it is generally appropriate to do so. Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999). There are exceptions to this general rule in "unusual cases" only, such as when substantial federal judicial resources have already been committed, or if it is abundantly clear how the state claims should be decided. Wright v. Associated Ins. Cos., Inc., 29 F.3d 1244, 1252 (7th Cir. 1994). Because this case is still in the preliminary stages, these exceptions do not apply. Accordingly, the court declines to exercise supplemental jurisdiction over the remaining state law claims in Counts II, III, and IV. 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

---

[4] Accordingly, defendants' argument that defendant officers' are entitled to qualified immunity is deemed moot.

For the reasons discussed above, defendants' motion to dismiss Count I is granted.  The court declines to exercise supplemental jurisdiction over Counts II, III, and IV.


**ENTER:**       **January 19, 2010**


_____

**Robert W. Gettleman**
**United States District Judge**